UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MARK P. MURRAY,  )
  )
        Plaintiff, )
  )
   vs. ) 1:14-cv-01155-SEB-DKL
  )
JENNIFER RINEHART, et al.,  )
  )
        Defendants. )

**Entry Dismissing Complaint and Directing Further Proceedings**

**I.  Background**

The plaintiff, Mark P. Murray ("Mr. Murray"), is incarcerated at the Pendleton Correctional Facility. This civil rights complaint is brought pursuant to 42 U.S.C. § 1983. Mr. Murray has named two defendants: 1) Jennifer Rinehart, Chairman, Disciplinary Hearing Body; and 2) Wayne Scaife, Facility Head/Designee to Appeal. Mr. Murray alleges that the defendants violated his due process rights as protected by the Fourteenth Amendment. He seeks compensatory and punitive damages.

Mr. Murray has paid the initial partial filing fee. The complaint is now subject to the screening required by 28 U.S.C. ▪ 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007).

## II. Screening

### A.

To satisfy the notice-pleading standard of Rule 8(a)(2) of the *Federal Rules of Civil Procedure*, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Such a statement must provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). Pro se complaints such as that filed by Mr. Murray are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

### B.

Mr. Murray alleges that on May 9, 2014, he was charged with violating prison rules prohibiting the possession of a cell phone and charger. Defendant Ms. Rinehart was the hearing officer in the disciplinary proceeding. Mr. Murray alleges that he told Ms. Rinehart that he never possessed the cell phone and charger that were found inside his cabinet in his bed area, and that he had no knowledge of them. Mr. Murray also provided a written statement from another offender who confessed that the phone and charger were his. Nonetheless, Ms. Rinehart found him guilty of the offense. As a result of that finding, Mr. Murray was reclassified and lost his honor housing privileges and his coveted yard crew job. His sanctions were "non-grievous" losses.

On appeal, Mr. Murray argued that his due process rights were violated when the hearing officer found him guilty despite the exculpatory statements and failed to provide an explanation as to why she disregarded those statements. On June 17, 2014, defendant Mr. Scaife denied Mr. Murray's appeal.

### C.

Mr. Murray's claims are based on his contention that he lost his prison job and housing assignment without due process. Prisoners, however, have no property or liberty interest in retaining any particular job in prison. *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000); *Wallace v. Robinson*, 940 F.2d 243, 247 (7th Cir. 1991) (en banc). Accordingly, he has no due process right to challenge the procedures which resulted in the loss of his job. In addition, prisoners do not have a protected liberty interest in remaining in any particular housing assignment. *Williams v. Faulkner,* 837 F.2d 304, 309 (7th Cir. 1988). The alleged deprivations Mr. Murray suffered as a result of the disciplinary conviction did not create an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Therefore, he was not entitled to any particular process before losing his job or housing assignment. For these reasons, his due process claims are dismissed for failure to state a claim upon which relief can be granted.

### III. Further Proceedings

For the reasons discussed above, the complaint is **dismissed for failure to state a claim upon which relief can be granted.** Mr. Murray shall have **through November 12, 2014,** in which to **show cause** why this action should not be dismissed for failure to state a claim upon which relief can be granted. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP

applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). If he fails to do so, the action will be dismissed for the reasons set forth in this Entry.

**IT IS SO ORDERED.**

Date: 10/20/2014

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Mark P. Murray
#104708
Pendleton Correctional Facility
Electronic Service Participant – Court Only